# EXHIBIT 1



1411 K Street NW, Suite 1400
Washington, DC 20005

tel: 202-736-2200    fax: 202-736-2222

February 28, 2017

Laurie Day, Chief, Initial Request Staff
Office of the Attorney General, Department of Justice
1425 New York Avenue, N.W. Suite 11050
Washington, DC 20530
MRUFOIA.Requests@usdoj.gov


Melissa Golden, Lead Paralegal and FOIA Specialist
Office of Legal Counsel, Department of Justice
950 Pennsylvania Avenue, N.W. Room 5511
Washington, D.C. 20530
usdoj-officeoflegalcounsel@usdoj.gov


Eugene Baime, Supervisory Attorney
Federal Bureau of Prisons,  Department of Justice
HOLC Building
320 First Street, N.W. Room 924
Washington, DC 20534
ogc_efoia@bop.gov


Deborah Waller, Government Information Specialist
Office of the Inspector General, Department of Justice
950 Pennsylvania Avenue, N.W. Room 4726
Washington, DC 20530
oigfoia@usdoj.gov


Director of Public Affairs,
Office of Public Affairs, Department of Justice
950 Pennsylvania Avenue, N.W., Room 1128,
Washington, D.C. 20530
Press@usdoj.gov

*RE: Freedom of Information Act Request*

To whom it may concern:

The Campaign Legal Center submits this request pursuant to the Freedom of Information Act, 5 U.S.C. § 552 *et seq.,* for records pertaining to the Department of Justice's decision to reverse the previous administration's position on the use of privately-operated correctional facilities.

## I.   Background

On August 18, 2016, then-Deputy Attorney General Sally Yates issued a memo instructing the Bureau of Prisons to phase-out the use of privately-operated correctional facilities, writing that private prisons "compare poorly to our own bureau facilities:"

> They simply do not provide the same level of correctional services, programs, and resources; they do not save substantially on costs; and as noted in a recent report by the Department's Office of Inspector General, they do not maintain the same level of safety and security.[1]

The OIG report referenced in the August 18 memo found that privately-operated prisons had more safety and security-related incidents per capita than BOP institutions.[2]

On February 8, 2017, Jeff Sessions was confirmed as Attorney General, and on February 21, Attorney General Sessions issued another memo rescinding the earlier directive:

> The memorandum changed long-standing policy and practice, and impaired the Bureau's ability to meet the future needs of the federal correctional system. Therefore, I direct the Bureau to return to its previous approach.[3]

Attorney General Sessions' rescission of the earlier memo attracted significant attention among the press and public,[4] and caused the stock prices of private prisons to rise significantly.[5] Many

---

[1]     Memorandum from Sally Q. Yates, Deputy Attorney General, to the Acting Director Federal Bureau of Prisons, *Reducing Our Use of Private Prisons* (Aug. 18, 2016); *see also* Matt Zapotosky and Chico Harlan, *Justice Department Says it Will End Use of Private Prisons,* Wash. Post (Aug. 18, 2016), https://www.washingtonpost.com/news/post-nation/wp/2016/08/18/justice-department-says-it-will-end-use-of-private-prisons/?utm_term=.627d452ac499.

[2]     Office of Inspector General, U.S. Department of Justice (DOJ), *Review of the Federal Bureau of Prisons' Monitoring of Contract Prisons,* (Aug. 2016), https://oig.justice.gov/reports/2016/e1606.pdf#page=2.

[3]     Memorandum from Jefferson B. Sessions, Attorney General, to the Acting Director Federal Bureau of Prisons, *Rescission of Memorandum on Use of Private Prisons* (Feb. 21, 2017); see also Matt Zapotosky, *Justice Department Will Again Use Private Prisons,* WASH. POST (Feb. 23, 2017), https://www.washingtonpost.com/world/national-security/justice-department-will-again-use-private-prisons/2017/02/23/da395d02-fa0e-11e6-be05-1a3817ac21a5_story.html?utm_term=.ed54e5b56a53.

[4]     Eric Lichtblau, *Justice Department Keeps For-Profit Prisons, Scrapping an Obama Plan,* N.Y.TIMES (Feb. 23, 2017) https://www.nytimes.com/2017/02/23/us/politics/justice-department-private-

news reports pointed out that the private prison companies that benefitted from the policy reversal had financially supported President Donald Trump's campaign and inauguration.[6]

Records likely to be disclosed in response to this request will contribute significantly to the public's understanding of how the DOJ  decided to reverse its earlier decision on the use of private prisons, such as what factors and evidence were considered, among other matters of public interest.

## II.    **Requested Records**

CLC is requesting copies of all following records:

- All factual materials, reports, and other evidence that the DOJ considered in reaching its conclusion to rescind the August 18, 2016 memo on private prisons
- All correspondence with David Stewart
- All correspondence with Ryan Robichaux
- All correspondence with Michael Scrivner
- All correspondence with Peter Leon
- All correspondence with Leo Aguirre
- All correspondence with Mark Smith
- All records that mention "Rebuilding America Now"

This request encompasses both digital and physical records.

Please note that this request applies to all emails, sent and received, on governmental email addresses, as well as to all emails, sent and received, on all other email addresses and accounts used to conduct official business.

The timeframe for this request is November 9, 2016 to February 21, 2017.

---

prisons.html; Jon Schuppe, *Private Prisons: Here's Why Sessions' Memo Matters*, NBC NEWS (Feb. 26, 2017), http://www.nbcnews.com/news/us-news/private-prisons-here-s-why-sessions-memo-matters-n725316; Christopher Dean Hopkins, *Private Prisons Back in Mix for Federal Inmates as Sessions Rescinds Order,* NPR (Feb. 23, 2017) http://www.npr.org/sections/thetwo-way/2017/02/23/516916688/private-prisons-back-in-mix-for-federal-inmates-as-sessions-rescinds-order
[5]      Robert Martin, The GEO Group, Corecivic Inc Up on Sessions Memo, NASDAQ (Feb. 23, 2017), http://www.nasdaq.com/article/the-geo-group-inc-geo-corecivic-inc-cxw-up-on-sessions-memo-cm752487
[6]      Frederica Schouten, Private Prisons Back Trump and Could See Big Payoffs With New Policies, USA Today (Feb. 23, 2017) http://www.usatoday.com/story/news/politics/2017/02/23/private-prisons-back-trump-and-could-see-big-payoffs-new-policies/98300394/; Betsy Woodruff, *Trump Moves to Make Private Prisons Great Again,* DAILY BEAST (Feb. 23, 2017) http://www.thedailybeast.com/articles/2017/02/23/trump-moves-to-make-private-prisons-great-again.html, David Dayen, *Memo Restoring Use of Private Prisons Is Good News for One Company*, THE NATION (Feb. 24, 2017), https://www.thenation.com/article/memo-restoring-use-of-private-prisons-is-good-news-for-one-company/

If some portions of the requested records are exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. 5 U.S.C. § 552(b). If any portion of the requested records is exempt from disclosure, please provide an index of the withheld materials as required under *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1972).

### III.   Application for Fee Waiver or Limitation of Fees

**A. The request is made for non-commercial purposes and will contribute significantly to public understanding of the operations or activities of government.**

FOIA provides that the agency shall furnish requested records without or at reduced charge if "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

As described above in Part I, the requested materials involve matters of significant public interest. Records likely to be disclosed in response to this request will contribute significantly to the public's understanding of the DOJ's decision to rescind an earlier memo on private prisons. These details are not already publicly available and the records would provide a more thorough public understanding of the operations of the Department.

CLC will use records responsive to this request in the creation of widely disseminated materials and analysis that will educate the public about these matters and the operations of the government. CLC anticipates analyzing the materials gathered through this FOIA request to develop reports,[7] write blogs,[8] and author op-eds.[9] CLC's research and reports are widely disseminated on its blog,[10] through its own website,[11] through social media platforms like

---

[7]       *See, e.g.* Lawrence M. Noble and Brendan M. Fischer, *Funding the Presidential Nominating Conventions: How a Trickle of Money Turned Into a Flood*, Campaign Legal Center (July 26, 2016), http://www.campaignlegalcenter.org/sites/default/files/Funding%20the%20Presidential%20Nominating%20Conventions%20Report.pdf.

[8]       *See, e.g.*, Brendan M. Fischer, *How Trump's Plan to Repeal the Johnson Amendment Could Unleash 'Super Dark Money' Into Our Elections*, Campaign Legal Center blog (Feb. 3, 2017), http://www.campaignlegalcenter.org/news/blog/how-trump-s-plan-repeal-johnson-amendment-could-unleash-super-dark-money-our-elections; *Filling the Swamp: Inauguration and Transition Funding,* Campaign Legal Center blog (Jan. 19, 2017), http://www.campaignlegalcenter.org/news/blog/filling-swamp-inauguration-and-transition-funding;

[9]       *See e.g.* Trevor Potter, *Donald Trump Hasn't Solved Any of His Conflicts of Interest,* WASH. POST (Jan. 11, 2017), https://www.washingtonpost.com/posteverything/wp/2017/01/11/donald-trump-hasnt-solved-any-of-his-conflicts-of-interest/?utm_term=.0e80b538fb8f.

[10]      *See* Campaign Legal Center blog at http://www.campaignlegalcenter.org/news/262.

[11]      *See* Campaign Legal Center "Reference Materials" library, http://www.campaignlegalcenter.org/research/reference-materials.

Facebook[12] and Twitter,[13] and regular emails to its supporters, among other communications outlets.[14]

CLC staff have significant knowledge in ethics and government accountability, and news media regularly rely upon CLC's analysis and expertise.[15] In addition to its own blogs and reports, CLC anticipates analyzing the requested records and disseminating the materials among traditional news outlets.

Requester CLC is a non-profit public interest organization organized under Section 501(c)(3) of the Internal Revenue Code and this request is made for non-commercial purposes.

As such, we request that any applicable fees associated with this request be waived pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). A fee waiver in this instance would fulfill Congress' intent in amending the FOIA. *See Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) ("Congress amended FOIA to ensure that it be liberally construed in favor of waivers for noncommercial requesters." (quotation marks omitted)).

### B.  CLC qualifies for a fee waiver as a "representative of the news media."

CLC additionally requests that it not be charged search or review fees for this request because the organization meets the definition of a "representative of the news media" for purposes of the FOIA, since CLC "gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience." 5 U.S.C. § 552(a)(4)(A)(ii)(II)-(III).

As the D.C. Circuit has held, the "representative of the news media" test is focused on the requestor rather than the specific FOIA request. *Cause of Action v. F.T.C.,* 799 F.3d 1108, 1121 (D.C. Cir. 2015). CLC satisfies this test because (as noted in Part III(A)) CLC applies its expertise and editorial skills to turn raw materials into reports, articles, and op-eds that are widely disseminated on its blog,[16] through its own website,[17] through social media platforms and

---

[12]     https://www.facebook.com/CampaignLegalCenter/
[13]     https://twitter.com/CampaignLegal
[14]     *See* Campaign Legal Center blog at MEDIUM, https://medium.com/clc-blog.
[15]     *See e.g.* Manu Raju, *Trump's Cabinet Pick Invested in Company, Then Introduced a Bill to Help It*, CNN (Jan. 17, 2017), http://www.cnn.com/2017/01/16/politics/tom-price-bill-aiding-company/; Christina Wilkie and Paul Blumenthal, *Trump Just Completely Entangled His Business and the U.S. Government* HUFFINGTON POST (Jan. 11, 2017), http://www.huffingtonpost.com/entry/trump-business-conflicts-of-interests-treasury_us_5876928de4b092a6cae4ec7b;  Emma Brown and Danielle Douglas-Gabriel, *Betsy DeVos's ethics review raises further questions for Democrats and watchdogs*, WASH. POST (Jan. 24, 2016)
[16] *See* Campaign Legal Center blog at http://www.campaignlegalcenter.org/news/262.
[17] *See* Campaign Legal Center "Reference Materials" library, http://www.campaignlegalcenter.org/research/reference-materials.

regular emails to its supporters, and through other communications outlets.[18] CLC additionally applies editorial skill to analyze and disseminate materials to other news media outlets, which regularly cite and rely upon CLC's work. The D.C. Circuit has held that an requester may qualify as a news media entity if it "'distribute[ ] [its] work' by issuing press releases to media outlets in order to reach the public indirectly" 799 F.3d. at 1125-26.

Courts have found that other organizations with functionally similar missions and engaged in similar public education activities qualify as "representatives of the news media," even if engaged in litigation or other advocacy beyond educating the public about the operations of government. *See e.g. Cause of Action v. F.T.C.,* 799 F.3d 1108, 1121-25 (D.C. Cir. 2015) (finding a public interest advocacy organization that comments to other media outlets about documents it obtains under FOIA a news media requester); *Judicial Watch, Inc. v. DOJ*, 133 F. Supp. 2d 52, 53-54 (D.D.C. 2000) (finding "public interest law firm" Judicial Watch a news media requester); *Elec. Privacy Info. Ctr. V. DOD,* 241 F. Supp. 2d 5, 10-15 (D.D.C. 2003) (finding nonprofit public interest group that published a biweekly email newsletter a news media requester).

"It is critical that the phrase 'representative of the news media' be interpreted broadly if the act is work as expected,  . . . In fact, *any person or organization which regularly publishes or disseminates information to the public . . . should qualify for waivers as a 'representative of the news media.'*" 132 Cong. Rec. S14298 (daily ed. Sept. 30, 1986), cited in *Nat'l Sec. Archive v. U.S. Dep't of Def.*, 880 F.2d 1381, 1386 (D.C. Cir. 1989).

In the event the fee waiver is not granted, I may not be charged for the first two hours of search time, or for the first hundred pages of duplication. Please contact me and advise me of the cost of this request if processing costs exceed $100.

### IV.   <u>Application for Fee Waiver or Limitation of Fees</u>

I request that the processing of this request be expedited pursuant to 28 C.F.R. § 16.5(e)(1)(iv). As described in Part I, the subject of the request involves a matter of exceptional media interest,[19] and the DOJ's sudden reversal of a policy first established in response to safety and security concerns raises questions about the government's integrity which can affect public confidence.[20]

I certify that my statements concerning the need for expedited processing are true and correct to the best of my knowledge and belief.

*       *       *

---

[18] *See* Campaign Legal Center, MEDIUM, https://medium.com/clc-blog.
[19] *See* sources cited *supra* at n.4.
[20] *See* sources cited *supra* at n.6.

In order to expedite delivery of these requested documents and in order to reduce possible fees incurred, I am requesting that these documents be delivered to me either digitally via email (in PDF format), or on a data disk via the U.S. Postal Service.

Please email copies of responsive documents to:

Bfischer@campaignlegalcenter.org

Or, please mail copies of responsive documents to:

Brendan Fischer
Campaign Legal Center
1411 K St NW, Suite 1400
Washington D.C. 20005

Should you elect, for any reason, to withhold, redact, or deny the release of any record responsive to this request, I request that you provide me with an explanation for each withholding/redaction, along with pertinent legal citations.

Please confirm the receipt of this request and provide me with an estimate of processing time.

Thank you,

/s/

Brendan Fischer
Associate Counsel
Campaign Legal Center
bfischer@campaignlegalcenter.org